UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALAN BOUDREAUX (#254702)                     CIVIL ACTION

VERSUS                                        NO. 20-120-BAJ-EWD

JASON KENT, ET AL.

**ORDER**

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody ("habeas petition"), filed by Petitioner Alan Boudreaux ("Boudreaux"). Boudreaux acknowledges that his habeas petition is untimely but requests equitable tolling because "[d]ue to mental illness, chronic medical conditions, and near constant medication changes, [Boudreaux] lacked the mental capacity to pursue his rights in a timely manner."[1] Respondents submitted an Answer[2] and supporting memorandum, asserting the defenses of timeliness and procedural default. Respondents contend that Boudreaux's Petition is untimely by 2,113 days and that he is not entitled to equitable tolling.[3] Respondents contend that Boudreaux's mental illness claims were made "without a scintilla of medical authority."[4] In response, Boudreaux filed a Traverse to Response to Order to Show Cause with attached exhibits, including his psychiatric and medical records.[5]

The record in this matter reflects that the state trial court ordered a Sanity Commission, Boudreaux was declared incompetent to assist in his defense, and was remanded to the East Feliciana State Hospital "to restore competency" on May 17, 2010.[6] After a competency hearing

---

[1] R. Doc 1, p. 26. See also, R. Doc. 24, p. 11.
[2] R. Docs. 6, 7.
[3] R. Doc. 7, pp. 8-13.
[4] *Id.* at 13.
[5] R. Doc. 24.
[6] R. Doc. 12, pp. 97-102.

on March 21, 2011, the trial court determined that Boudreaux was competent, such that the prosecution could continue.[7] Boudreaux pled guilty to forcible rape on April 18, 2011.[8] He was sentenced on October 17, 2011, and his conviction became final thirty days later—on November 16, 2011. Boudreaux did not file a post-conviction application until December 3, 2016.[9]

The records submitted by Boudreaux indicate the Louisiana Department of Public Safety and Corrections conducted a clinical screening on December 1, 2011 that resulted in diagnoses of schizoaffective disorder-bipolar type, schizoid personality features, antisocial personality features, borderline personality features, and substance-related disorder.[10] The evaluation stated that Boudreaux may be suffering from severe psychiatric and emotional problems.[11] Evaluations performed in 2012 and 2013 stated that Boudreaux exhibited paranoid behavior and bizarre hallucinations.[12] The records submitted by Boudreaux also show that he was prescribed various psychotropic medications for years.[13] Boudreaux contends that he is entitled to equitable tolling because his mental health interfered with his ability to pursue his rights. Boudreaux also contends the state committed medical errors and inappropriately prescribed his medication, which caused side-effects that prohibited him from asserting his rights.[14]

For mental illness to warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition.[15] Respondents have not addressed the records submitted by Boudreaux establishing documented serious mental health issues during the relevant time frame.

---

[7] R. Doc. 12, pp. 111-146.
[8] R. Doc. 12, pp. 148-161.
[9] R. Doc. 8-1, p. 142 through R. Doc. 8-2, p. 41.
[10] R. Doc. 24-5, pp. 25-29.
[11] *Id.* at 27.
[12] R. Doc. 24-6, pp. 2-4.
[13] R. Docs. 24-4; 24-5; 24-6; 24-7.
[14] R. Doc. 24, pp. 11-16.
[15] *Jones v. Stephens*, 541 Fed.Appx. 499, 505 (5th Cir. 2013) (citations omitted).

However, Respondents have also asserted that Boudreaux's claims are procedurally defaulted pursuant to the independent and adequate state ground doctrine. The record reflects that the state court determined that Boudreaux's post-conviction application was untimely and procedurally barred by La.C.Cr.P. art. 930.8.[16] This Court is prohibited from reaching the merits of the claims in Boudreaux's habeas petition unless he can show "cause" and "prejudice" for the procedural default.[17] "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor to the defense impeded counsel's efforts to comply with the State's procedural rule."[18] For example, "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by government officials …made compliance impracticable, would constitute cause under this standard."[19] The Court has not assayed "an exhaustive catalog of such objective impediments."[20] The precise contours of the cause requirement have not been clearly defined.[21] At a minimum, however, a petitioner must show that "something *external* to [him], something that cannot fairly be attributed to him," caused the procedural default.[22] To show prejudice, a petitioner must demonstrate a reasonable probability that, but for the alleged error, the result of the proceeding would have been different.[23]

---

[16] R. Doc. 8-2, pp. 123-125; R. Doc. 8-3, pp. 143-144.
[17] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.").
[18] *Id.* at 753 (internal quotation marks and citation omitted).
[19] *Id.*
[20] *Murray v. Carrier,* 477 U.S. 478, 488 (1986).
[21] *See Amadeo v. Zant,* 486 U.S. 214, 221(1988). *See also Jamison v. Lockhart,* 975 F.2d 1377, 1379-80 (8th Cir.1992).
[22] *Coleman,* 501 U.S. at 753, citing *Murray,* 477 U.S. at 488.
[23] *Sawyer v. Whitley,* 505 U.S. 333, 363–64 (1992).

Boudreaux has argued that the Department of Public Safety and Corrections caused his procedural default through inappropriate treatment of his mental health issues, including medication errors. The prejudice in this case would be that these external factors resulted in Boudreaux's inability to timely file his application for post-conviction relief.

Accordingly,

**IT IS ORDERED** that by no later than **November 17, 2022 Respondents Jason Kent and Jeff Landry** shall submit a supplemental brief with supporting authority addressing why the Court should not set this matter for an evidentiary hearing on the issues of equitable tolling and "cause and prejudice" based on the Petitioner's arguments and the evidence presented in his Traverse to Response to Order to Show Cause.[24]

**IT IS FURTHER ORDERED** that **Petitioner Alan Boudreaux** may submit a reply to the Respondents' brief within thirty (30) days of the date it is filed.

Signed in Baton Rouge, Louisiana, on October 18, 2022

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] R. Doc. 24. Alternatively, Respondents may advise the Court that they are withdrawing their timeliness and procedural default defenses and submitting the case to the Court for disposition on the merits.