# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ALAN BOUDREAUX (#254702)　　　　　　　　　　CIVIL ACTION NO.

VERSUS　　　　　　　　　　　　　　　　　　　20-120-BAJ-EWD

JASON KENT, ET AL.

## NOTICE

　　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

　　　In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

　　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　　Signed in Baton Rouge, Louisiana, on February 16, 2023.

　　　　　　　　　　　　　　　　　　　　　　*[signature]*

　　　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALAN BOUDREAUX (#254702)            CIVIL ACTION NO.

VERSUS            20-120-BAJ-EWD

JASON KENT, ET AL.

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), filed by Alan Boudreaux ("Boudreaux"), which raises eight grounds for relief based on allegations that his counsel was ineffective in the following ways: (1) failing to investigate or advise of insanity and involuntary intoxication defenses;[1] (2) allowing Boudreaux to proceed with plea and sentencing phases while incompetent and intoxicated from over medication;[2] (3) offering faulty plea bargain advice;[3] (4) failing to investigate or properly advise on DNA evidence and failing to move to suppress same;[4] (5) failing to object, file a motion to quash, or move for a speedy trial, as the time limitations for the commencement of trial had expired; (6) advising Boudreaux to plead guilty to an offense for which there was no factual basis; (7) failing to challenge due process violation, allegedly resulting from a delay in the Indictment; and (8) failing to object to prosecutorial misconduct in withholding exculpatory evidence and failing to conduct an independent investigation.[5] The State has filed a response.[6] Boudreaux's only claim warranting substantive evaluation relates to ineffective assistance of counsel for permitting him to proceed with a plea when he was allegedly incompetent.

---

[1] R. Doc. 1, p. 16.
[2] R. Doc. 1, p. 17.
[3] R. Doc. 1, p. 19.
[4] R. Doc. 1, p. 21.
[5] *See* R. Doc. 8.
[6] R. Docs. 6 & 7. Petitioner also filed a reply (R. Doc. 24), and pursuant to an order for additional briefing (R. Doc. 25), the State filed a supplemental memorandum (R. Doc. 26), to which Petitioner filed another reply. R. Doc. 27.

Because Boudreaux cannot establish that counsel performance was objectively unreasonable or that he was prejudiced, this claim fails. All other non-jurisdictional defects are waived because Boudreaux's plea was valid. Accordingly, it is recommended that the Petition be denied and dismissed with prejudice. Boudreaux's "Motion for Discovery and Appointment of Counsel"[7] will be denied as he has not made the required showing to warrant the relief requested.

## I. PROCEDURAL HISTORY

Boudreaux was indicted on June 27, 2006 in the Twenty-Third Judicial District Court, Parish of Ascension, State of Louisiana, for aggravated rape in violation of La. R.S. 14:42.[8] He entered a guilty plea to the lesser charge of forcible rape on April 11, 2011.[9] On October 17, 2011, Boudreaux was sentenced to thirty years, of which twenty were to be served without benefit of probation, parole, or suspension of sentence, with credit for time served.[10] He filed an application for post-conviction relief ("PCR") with the state trial court on December 3, 2016.[11] On April 17, 2017, he filed an amended PCR application.[12] The PCR application was denied by the state trial court as untimely on August 14, 2017.[13] On October 16, 2017, Boudreaux filed a habeas petition with this Court, which was denied as unexhausted.[14] Thereafter, he filed a writ with the Louisiana Court of Appeal for the First Circuit ("First Circuit").[15] The writ was denied on the showing made on April 30, 2018 for failure to include required information but Boudreaux was permitted to

---

[7] R. Doc. 28.
[8] R. Doc. 8, p. 3.
[9] R. Doc. 8-1, p. 59; R. Doc. 12, pp. 151-160.
[10] R. Doc. 8-1, pp. 55-58, 64-66; R. Doc. 12, p. 178.
[11] R. Doc. 8-1, p. 142-R. Doc. 8-2, p. 41.
[12] R. Doc. 8-2, pp. 73-74.
[13] R. Doc. 8-2, pp. 123-125.
[14] R. Doc. 8-2, p. 147- R. Doc. 8-3, p. 26; *Boudreaux v. Kent*, Civ. Action No. 17-cv-1280-SDD-EWD, R. Docs. 3 & 4.
[15] R. Doc. 8-3, pp. 27-78.

2

refile.[16] Writ was denied by the First Circuit without reasons on September 17, 2018.[17] Boudreaux then sought review with the Louisiana Supreme Court,[18] which was denied on August 12, 2019.[19] The Louisiana Supreme Court agreed with the state trial court that the PCR application was not timely filed, and that Boudreaux had failed to carry his burden to show that an exception applied.[20] This habeas petition followed.[21]

## II. BACKGROUND

As this case ended in a guilty plea and did not go to trial, the following factual information has been gleaned from reports and other sources in the record. This matter arises from an incident occurring on March 3, 2005, when B.N., a minor female child, was raped by Boudreaux, her father, at approximately 10:00 a.m.[22] Later that day, B.N. ran away from her father and eventually contacted law enforcement.[23] She advised officers regarding what had transpired and informed them that she did not take a bath, but did change clothes after the rape, and that the clothing she had been wearing would be found in the home on the floor of the bathroom or floor of her room.[24] She also advised officers that she had wiped what she believed to be ejaculate from her leg using a blue towel.[25] The same evening, a sexual assault exam was performed on B.N. revealing visible signs of possible sexual intercourse resulting in a medical diagnosis of possible rape/incest.[26] A sexual assault kit was collected and submitted to the state police crime lab.[27] A search warrant

---

[16] R. Doc. 8-2, pp. 136-137.
[17] R. Doc. 8-2, p. 139.
[18] R. Doc. 8-3, pp. 84-89.
[19] R. Doc. 8-2, pp. 143-144.
[20] *Id.*
[21] R. Doc. 1.
[22] R. Doc. 8, p. 64.
[23] R. Doc. 8, p. 55.
[24] R. Doc. 8, p. 56.
[25] *Id.*
[26] R. Doc. 8, p. 57.
[27] *Id.*

was obtained, and certain items described by B.N. were collected.[28] When the search warrant was executed, officers found that the bed had been soaked with liquid and had an odor of cleaning solution, and the sheets from the bed were found wet inside the tub, also smelling of cleaning fluid.[29] According to DNA analysis, the DNA profile from one of the swabs obtained from B.N. was 14.3 billion times more likely to be a mixture of DNA from B.N. and Boudreaux than a mixture of DNA from B.N. and an unknown, unrelated Caucasian individual.[30]

### III. LAW & ANALYSIS[31]

#### A. Boudreaux Has Failed to Show that Counsel was Ineffective for Allowing Plea (Claim 2)[32]

The Fifth Circuit has held that, once a guilty plea has been entered, all non-jurisdictional defects in the proceeding are waived. This includes all claims of ineffective assistance of counsel, except as the alleged ineffectiveness relates to the voluntariness of the plea.[33] If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review.[34] Accordingly, Boudreaux's only claim that requires substantive discussion is Claim Two,[35] which

---

[28] R. Doc. 8, pp. 57, 60.
[29] R. Doc. 8, p. 60.
[30] R. Doc. 8, p. 85.
[31] Timeliness and exhaustion are not evaluated in this Report, as "[t]here is no language in 28 U.S.C. § 2244(d) that would prohibit [a court] from bypassing the issue of timeliness if the claims asserted in the § 2254 Application are without merit." *Wilkerson v. Davis*, No. 17-805, 2017 WL 1382213, at *2 (N.D. Tex. Mar. 23, 2017), report and recommendation adopted, No. 17-805, 2017 WL 1380595 (N.D. Tex. Apr. 17, 2017), quoting *Linzy v. Faulk*, No. 14-962, 2014 WL 5355293, at *3 (D. Colo. Oct. 21, 2014). Further, § 2254(b)(2) specifically grants express authority to this Court to deny unexhausted claims on the merits. *See* 28 U.S.C. § 2254 (b)(2) ("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Additionally, AEDPA deference does not apply because the state court did not render decisions on the merits of Petitioner's claims; rather, Petitioner's claims were dismissed as untimely. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying de novo review to an ineffective assistance of counsel claim that was raised in state court, but that the state court did not adjudicate on the merits).
[32] To the extent any other claims tangentially implicate advice of Boudreaux's counsel to plead guilty, they fail for the same reasons explained in Part III(A)—counsel's performance in advising Boudreaux to plead guilty was not deficient and Boudreaux cannot demonstrate prejudice. Further, as discussed, his plea was knowing, intelligent, and voluntary.
[33] *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983); *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir. 1981).
[34] *James v. Cain*, 56 F.3d 62, 666 (5th Cir. 1995).
[35] Claims Two is "ineffective assistance of counsel for allowing petitioner to proceed with plea and sentencing phases while incompetent and intoxicated from over medication, violating petitioner's rights under the 6th and 14th amendments of the Constitution." R. Doc. 1, p. 17.

may relate to ineffectiveness of counsel as to the knowing, voluntary, and intelligent nature of Boudreaux's plea.

The standard for ineffective assistance of counsel set out in *Strickland v. Washington* applies to claims of ineffective assistance of counsel arising out of the plea process.[36] Thus, Boudreaux must demonstrate that his "counsel's representation fell below an objective standard of reasonableness," the deficiency prong, and, in the context of a guilty plea, proving *Strickland's* prejudice requirement turns "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."[37] To satisfy the first *Strickland* prong, a petitioner must demonstrate attorney performance outside the wide range of reasonable professional assistance and must overcome a strong presumption of adequacy.[38]

Boudreaux has not shown counsel's performance was objectively unreasonable in failing to move for a new competency evaluation, instead advising Boudreaux to plead guilty. Boudreaux was referred by the trial judge for hospitalization for "inpatient competency restoration," after having been found incompetent to proceed to trial on November 9, 2010.[39] While hospitalized, Boudreaux was referred for psychological testing for possible malingering as his "symptoms were atypical when compared to those of individuals suffering from various psychiatric disorders."[40] According to the results of psychological testing conducted in February 1, 2011, Boudreaux's scores on the evaluation instruments used "did not fall within the honest responding range of any on any of the eight scales of the instrument." The conclusion of the psychological testing was that Boudreaux's "results were not at all typical of someone presenting with a bona fide psychosis, and

---

[36] *Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985).
[37] *Strickland v. Washington,* 466 U.S. 668, 687-688 & 694 (1984); *see also Hill*, 474 U.S. at 57-59.
[38] *Strickland*, 466 U.S. at 699.
[39] R. Doc. 8-1, p. 17.
[40] R. Doc. 8-1, p. 19.

5

the likelihood that he is malingering or exaggerating symptoms is considered to be extremely high."[41] For "Opinions Regarding Competency," the evaluation stated "The defendant currently has a rational as well as a factual understanding of the proceedings against him/her and has a sufficient present ability to consult with his/her lawyers with a reasonable degree of rational understanding."[42] The psychological evaluation was done just two months before Boudreaux entered his plea. Boudreaux has not submitted any evidence to the contrary.

Boudreaux also argues that counsel was ineffective in allowing him to proceed with a plea while "intoxicated from overmedication." In support, Boudreaux says that Klonopin and Trazadone were added to his medications four and twenty days prior to entering his guilty plea, respectively. He argues both that the medication did not have time to "do its job" and "had little time to start working," but also that he did not have time to adjust to the additional effects of Klonopin and Trazadone with the other medication he was taking.[43] These statements appear contradictory, and Boudreaux fails to demonstrate how the addition of this medication affected his competency, particularly given that, at the time of his psychological evaluation, he was taking six medications with no side effects noted that could interfere with trial functioning, such as drowsiness, or flattened affect.[44] Further, prior to entering the guilty plea, the state trial court asked Boudreaux "[h]ave you had any medication today or had anything to drink that might affect your ability to understand these proceedings?"[45] Boudreaux responded "[n]o."[46] His testimony that he had not had any medications that might affect his ability to understand the proceedings "carr[ies]

---

[41] *Id.*
[42] R. Doc. 8-1, p. 22.
[43] R. Doc. 1, p. 17.
[44] R. Doc. 8-1, p. 16. Much of Boudreaux's argument focuses on his alleged decrease in competency between entering his guilty plea and his sentencing, but this has no effect on the validity of the guilty plea, as anything occurring after the plea could not, logically, have affected the knowing, intelligent, voluntary nature of the plea. R. Doc. 1, pp. 17-18.
[45] R. Doc. 12, pp. 153-54.
[46] R. Doc. 12, p. 154.

a strong presumption of verity."[47]  Further, even if Boudreaux were taking medication at the time he entered the plea, "[t]he mere fact that Petitioner was on medication is insufficient to rebut the presumption that counsel adequately advised Petitioner and that Petitioner was competent to enter his plea and did so knowingly, freely, and voluntarily with the understanding of the consequences."[48]

In the state court, Boudreaux was confronted with significant and compelling proof of his guilt, including DNA evidence.[49]  He was indicted for aggravated rape, which carries a mandatory sentence of life imprisonment without the benefit of parole, probation or suspension of sentence,[50] but the plea agreement offered by the State allowed him to plead to the lesser charge of forcible rape, which carries a maximum sentence of forty years.[51] As part of the agreement, the State further agreed to cap his sentence at thirty years.  Given these circumstances, it is reasonable to conclude that Boudreaux and trial counsel likely viewed this plea deal as an attractive one.  Thus, Boudreaux

---

[47] *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity," and findings based on those representations "constitute a formidable barrier in any subsequent collateral proceedings.") (superseded by AEDPA on other grounds); *United States v. Cothran,* 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); *Lewis v. United States*, No. 13-2176, 2013 WL 6869471, at *3 (N.D. Tex. Dec. 30, 2013) (holding that a conclusory claim that the petitioner's plea was flawed due to medications was without merit).
[48] *White v. Davis*, No. 16-426, 2018 WL 2389756, at *6 (N.D. Tex. May 25, 2018) (giving greater weight to statements made during plea colloquy than to unsupported, after-the-fact self-serving statements that medication affected competency to enter plea).
[49] *See* R. Doc. 8, pp. 83-86.  In February 2007, Boudreaux's counsel filed a Motion to Suppress the DNA evidence that was originally obtained from Boudreaux. R. Doc. 8, pp. 39-40. The Motion was granted on June 10, 2007. R. Doc. 8, p. 69. However, in February 2009, the State moved for another DNA sample from Boudreaux. R. Doc. 8, p. 71. The Motion was granted. R. Doc. 8, p. 72. This DNA sample and certificate of analysis were to be used against Boudreaux in trial. R. Doc. 8, pp. 83-86.
[50] La. R.S. 14:42(D)(1) (effective 2003-August 14, 2006) ("Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence."). The statute now refers to aggravated rape as first degree rape and carries the same sentence of life imprisonment. La. R.S. 14:42.
[51] La. R.S. 14:42.1 (effective 2001-July 31, 2015).  Forcible rape is now referred to as second degree rape.  La. R.S. 14:42.1(C).

has failed to establish that his trial counsel's performance in advising him to plead guilty fell below the objective standard of competence and thus rendered his plea involuntary.[52]

For the same reason, there is also no support in the record that Boudreaux was prejudiced by his counsel's performance. To prevail here, "Petitioner would have to demonstrate that a decision to reject the plea bargain would have been rational under the circumstances."[53] Considering that Boudreaux was allowed to plead to a lesser charge that carried a maximum sentence under the agreement of thirty years versus the mandatory life sentence he was facing at a trial, he cannot demonstrate prejudice.

His conclusory claims, after the fact, unsupported by credible evidence in the record, are insufficient to rebut the presumption that his plea was voluntary and that counsel provided effective representation.[54] Accordingly, Boudreaux has failed to show that his plea was other than knowing, intelligent, and voluntary, rendering the plea incapable of attack. The remainder of Boudreaux's claims are waived by the valid plea.[55]

---

[52] *McMann v. Richardson*, 397 U.S. 759, 770 (1970) ("In our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack…."). The advice to plead guilty given this information appears to be reasonably competent advice.

[53] *Crochet*, 13-3106, 2014 WL 5093995, at *4, citing *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

[54] *See Strickland,* 466 U.S. at 689 (providing counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reaseonable professional judgment"); *Webster v. Estelle,* 505 F.2d 926, 929–30 (5th Cir. 1974) (providing state court records "are entitled to a presumption of regularity"); *Mitschke v. State,* 129 S.W.3d 130, 136 (Tex.Crim.App. 2004) (providing "defendant who pleads guilty after having been properly admonished of his constitutional rights, who has knowingly and voluntarily waived those rights, and who has been admonished as required by our constitutions and art. 26.13 [of the Texas Code of Criminal Procedure] is presumed to have entered a voluntary and knowing plea").

[55] To the extent Boudreaux argues that his counsel advised him that the plea, which he ultimately accepted, would provide for parole after ten years rather than twenty and to the extent this may be interpreted as affecting the knowing nature of his plea, his claim fairs no better. R. Doc. 1, p. 19. This allegation appears in claim three. "Neither the Supreme Court, nor the Fifth Circuit has held that a counsel's failure to correctly advise a defendant regarding parole eligibility amounts to ineffective assistance of counsel." *Brown v. Lumplin*, No. 21-0145, 2021 WL 546155, at *5 (W.D. Tex. Nov. 23, 2021). Further, only the knowledge of what the charge is and the potential maximum sentence for the charge is required. *Trotter v. Vannoy*, 695 Fed.Appx. 738, 742 (5th Cir. 2017) ("A defendant understands the consequences of his guilty plea with respect to sentencing if he knows the maximum prison term and fine for the offense charged.") (internal quotations and citations omitted). *Barbee v. Ruth,* 678 F.2d 634, 635 (5th Cir.1982) ("The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged."), *cert. denied,* 459 U.S. 867 (1982). In the *Boykin* hearing, Boudreaux

## B. Claims 1, 3, 4, 5, 6, 7, & 8 Constitute Non-Jurisdictional Defects Waived by Boudreaux's Valid Plea

To the extent not otherwise addressed above, Boudreaux's remaining claims regarding failure to investigate defenses; failing to accept a prior plea offer; failing to file a motion to suppress; failing to object, file a motion to quash, or assert a right to a speedy trial; advising Boudreaux to plead guilty for an offense without a factual basis; failing to challenge a due process violation; and failing to object to prosecutorial misconduct do not relate to the knowing, voluntary, or intelligent nature of the plea and are non-jurisdictional defects, which were waived by the plea.[56]

---

was advised that the crime of forcible rape carried a maximum charge of 40 years and that counsel had reached an agreement with the prosecution to a sentencing cap of 30 years. R. Doc. 12, p. 156. The fact that Boudreaux was unaware of when he may be eligible for parole does not render the plea unconstitutionally infirm. *Barbee*, 678 F.2d at 635-636 (claim that the petitioner was unaware of the effect of his plea on parole eligibility was without merit because he was informed of the maximum sentence, so he was adequately informed of the consequences of his guilty plea). *See also Hill*, 474 U.S. at 56 (it is not necessary that a defendant be advised of all the collateral consequences of his plea, and the Constitution does not require that the state furnish the defendant with information on parole eligibility in order for the plea to be voluntary). Additionally, Boudreaux has not alleged that his counsel *promised* him that he would be eligible for parole after ten years (R. Doc. 1, pp. 19-20), and the *Boykin* colloquy does not make any promises regarding parole; rather, with respect to parole, the trial judge noted that "[a]t least two of the years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence." R. Doc. 12, p. 156. Petitioner was also adequately advised that the ultimate sentence would be determined by the Court. R. Doc. 12, p. 156 (counsel "agreed upon a sentence where you plead 'guilty as charged' to Forcible Rape with a sentencing cap of 30 years and a Presentence Investigation to be ordered and sentence to be determined by the Court."). Further, to the extent claims four and six implicate advice rendered by counsel regarding the plea, they fail for the same reasons as claim two discussed above—Boudreaux has not shown that advice to plead guilty under the circumstances presented in this case was incompetent, and he cannot demonstrate prejudice.

[56] *See Jedkins v. Dir., TDCJ-CID*, No. 19-287, 2021 WL 1823393, at *5 (E.D. Tex. Feb. 25, 2021), report and recommendation adopted, No. 19-287, 2021 WL 1821036 (E.D. Tex. May 6, 2021) ("By entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects in the proceedings preceding the plea—such as failing to conduct a pretrial investigation or even failing to file a motion to suppress—including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea."); *Smith*, 711 F.2d at 682 (finding claims of ineffective assistance of counsel for failure to review evidence, investigate witnesses or the legality of petitioner's arrest, and failure to find flaws in the prosecution's case were non-jurisdictional and waived by valid guilty plea); *Murray v. Collins*, 981 F.2d 1255 (5th Cir. 1992) (*per curiam*) (holding guilty plea waived prosecutorial misconduct and due process claims); *Walker v. Thaler*, No. 11-776, 2012 WL 426639, at *6 (N.D. Tex. Feb. 10, 2012) ("to the extent petitioner complains that counsel failed to familiarize himself with the law of the case, investigate the prior felonies used to enhance petitioner's sentence, and file pretrial motions, matters unrelated to the voluntariness of his plea, the claims are nonjurisdictional and are waived by the plea."). *See also Hayes v. Smith*, 447 F.2d 488 (5th Cir. 1971) (a guilty plea made knowingly and voluntarily is an effective waiver of all prior non-jurisdictional defects); *Lapell v. Cain*, No. 04-742, 2005 WL 3541069, at *7 (E.D. La. Nov. 4, 2005) (even if a bill of information is defective, the defect is not one of such magnitude to deprive the trial court of jurisdiction); *Atteberry v. Director, TDCJ-CID*, No. 15-8, 2016 WL 4487894, at *3 (E.D. Tex. July 19, 2016) ("a plea does not become vulnerable to habeas corpus review simply because later judicial decisions indicate that the plea rested on a faulty premise or that the legal and factual evaluations of the defendant's counsel were incorrect"); *Bruce v. McCain*, No. 15-3814, 2016 WL 11216510, at *3 (E.D. La. Aug. 31, 2016).

### C. A Certificate of Appealability Should be Denied

Should Boudreaux pursue an appeal, a certificate of appealability should be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[57] Although he has not yet filed a Notice of Appeal, the Court may address whether Boudreaux would be entitled to a certificate of appealability.[58] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[59]

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[60] Reasonable jurists would not debate the denial of the Petition or the correctness of the substantive rulings. Accordingly, it is appropriate that, if Boudreaux seeks to pursue an appeal in this case, a certificate of appealability should be denied.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody,[61] filed by Petitioner Alan Boudreaux, be **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED** if Boudreaux seeks to pursue an appeal.

---

[57] 28 U.S.C. § 2253(c)(1)(A).
[58] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[59] 28 U.S.C. § 2253(c)(2).
[60] *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).
[61] R. Doc. 1.

10

## **ORDER**

**IT IS ORDERED** that the "Motion for Discovery and Appointment of Counsel,"[62] filed by Petitioner Alan Boudreaux, is **DENIED**. Boudreaux has no automatic entitlement to counsel in a noncapital habeas case when no evidentiary hearing is necessary[63] and he has not shown that the interests of justice require appointment of counsel under 18 U.S.C. § 3006A, where, as here, the record establishes that his claims lack merit. For the same reasons, Boudreaux's request for discovery is also denied.

Signed in Baton Rouge, Louisiana, on February 16, 2023.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[62] R. Doc. 28.
[63] *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (right to counsel extends only to first appeal of right, not to collateral attacks on convictions); *see also Wright v. West*, 505 U.S. 277, 293 (1992); *Ortlof v. Fleming*, 88 Fed. Appx. 715, 717 (5th Cir. 2004) (no right to counsel in noncapital habeas proceeding); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992).

11